Case 6.

## Davenport *vs.* McCampbell, &c.

## Green *vs.* McCampbell.

PET. EQ.                    APPEALS FROM JESSAMINE CIRCUIT.

1. The consideration expressed in a deed of conveyance is not always conclusive, even between the parties to the deed, and the real consideration may be proved. (*Gully vs. Grubbs.* 1 *J. J. Marsh.* 389; *Hickman vs. Macurdy,* 7 *Ib.* 562; *Hanson vs. Buckner's devisees,* 4 *Dana,* 255.)

2. And it is clear that when a deed is attacked as fraudulent, which expresses only a nominal consideration, and the plaintiff has the right to introduce parol testimony to contradict the recitals in the deed, that the defendant may by the same kind of testimony show what was the real consideration.

[The facts of these cases are set out in the opinion of the court.—REP.]

*Clark & Scott* for appellants—

1. The appellant states positively in his answer that the real consideration paid for the land was two hundred dollars, and the proof sustains him. The proof also shows that it was the fair cash value of the remainder in the land purchased.

There is no proof to show that R. W. Davenport was insolvent, or in failing circumstances, when he made the sale to George H. Davenport. The principal indebtedness occurred subsequently to the sale and conveyance.

2. The circuit court erred in sustaining the excep-
tions to the depositions proving the real considera-
tion paid for the land. 2 *Marshall*, where this court
said: "Whether a consideration be necessary to make
a deed valid we do not think it material to decide,
for the solemnity of a deed implies a consideration.
And if omitted to be expressed in the deed, the omis-
sion may be supplied."

3. But if the court should be of opinion that the
depositions were properly excluded, it is insisted that
for the $200, which R. W. Davenport owed Geo. H.
Davenport, he should have a lien upon the land.

If our view of this case be correct, the decree in
the case of Green and McCampbell must also be re-
versed.

*James Harlan* on the same side—

1. The facts proved and admitted, do not prove
that the deed from R. W. to Geo. H. Davenport was
fraudulent. Conceding that R. W. Davenport was
insolvent at the date of the conveyance to Geo. H.
Davenport, it does not follow that the deed was
fraudulent. They are both sons of Francis Daven-
port, who had been dead many years, leaving a wid-
ow, to whom he devised a life estate in 110 acres of
land. Upon the death of the widow it was to be-
come the property of eight children, of whom R. W.
and G. H. Davenport were two. The tenant for life
was living at the date of the conveyance, and might
survive for many years. There was no motive with
R. W. Davenport to make a fraudulent conveyance
—he was in good credit and but slightly indebted.—
He had at all times a considerable property in pos-
session—he was in good credit up to his death. No
other conveyance was made by him, and no effort to
place it in the hands of his children to the prejudice
of his creditors. No advancement to his daughter
on her marriage—no execution ever returned unsat-
isfied. He made no mortgages at any time. The
fact that some of his debts were created before the

DAVENPORT
*vs.*
M'CAMPBELL,
and
GREEN
*vs.*
M'CAMPBELL.

DAVENPORT
vs.
M'CAMPBELL,
and
GREEN
vs.
M'CAMPBELL.

date of the conveyance, in view of the foregoing facts, cannot invalidate the deed.

2. But it is supposed that the consideration of one dollar, expressed in the deed, proves it to have been voluntary. This is not conclusive upon the parties— but the real consideration may be proved. The court is referred to the cases of *Strowbridge vs. Cartlidge*, 7 *Watts & Searg.* 394; 1 *Sup. U. S. Dig.* 731; *Halstead's Law of Ev.* 209; 1 *A. K. Marshall*, 582; 1 *J. J. Marshall*, 389; 7 *Ib.* 562; 4 *Dana*, 525.

3. The circuit court improperly excluded the depositions proving the real consideration paid for the land.

*Shanklin & Bronaugh* for appellees—

Three points are presented by the record in these causes.

1. Was the conveyance from R. W. Davenport to his brother, George H. Davenport, fraudulent as to the creditors of R. W. Davenport?

2. Has George H. Davenport a lien upon the land conveyed to him for the satisfaction of the indebtedness of R. W. Davenport to him?

3. Did the court err in sustaining the exceptions to the depositions taken by appellant?

It appears that R. W. Davenport was greatly indebted at the date of the conveyance to George H. Davenport, and although the consideration expressed in the deed, of one dollar, is sufficient to pass the title, as to creditors, the conveyance will be treated as voluntary and void. (*Ward vs. Trotter, &c.* 3 *Mon.* 3.) Conveyances which are merely voluntary, are void as to *bona fide* creditors whose debts then exist, as well as subsequent creditors. (*Doyle vs. Sleeper*, 1 *Dana*, 532–3.)

As to the second point. Liens may arise in three ways: By implied contract—by the legal relation between the parties. If the conveyance was fraudulent and is void, it is difficult to perceive how title passed by the deed, and no lien was acquired as to the

debts due by R. W. to G. H. Davenport, when there was no express or implied contract.

Thirdly, the depositions were properly excluded. The consideration expressed in the deed is conclusive unless impeached for fraud or mistake, and cannot be controverted by other testimony. (*Hync's Rep. vs. Campbell*, 6 *Monroe*, 291.) In that case this court said: "Some authorities have gone so far as to allow averment and proof of another additional consideration." Whether this last position is tenable, is by some authorities rendered questionable.— But whether it be or be not correct, the additional consideration proved must be one of a different character or quality, and not a simple increase of the same character added to the consideration named, such as when the conveyance said "*one dollar*," to add thereto by inferior proof "*one thousand*." It cannot be lessened by proof, nor can it be increased by inferior evidence.

Judge SIMPSON delivered the opinion of the court.

In June, 1849, R. W. Davenport conveyed to his brother, G. H. Davenport, his undivided interest, of one-eighth, in a tract of one hundred and ten acres of land, in which his mother had a life estate. The consideration recited in the deed was one dollar.

The grantor in the deed died in 1852, leaving a considerable estate, but not sufficient to pay his debts; and that fact having been ascertained after his death, this action was then brought by some of the creditors to set aside and annul the aforesaid deed to his brother, on the ground that it was executed without any consideration, and was fraudulent and void as to creditors.

It was proved that some of the debts which were owing at the time of the death of the grantor, were in existence when he executed the deed: but it also appeared that he then owned a considerable estate, none of which was incumbered, and no part of which was sold by him, except that which was embraced by the deed to his brother. There was also proof

DAVENPORT
vs.
M'CAMPBELL,
and
GREEN
vs.
M'CAMPBELL.

June 12.

DAVENPORT.
vs.
M'CAMPBELL,
and
GREEN
vs.
M'CAMPBELL.

that although the consideration recited in the deed was one dollar only, the actual consideration was two hundred dollars, which had been paid, and was the full value of the grantor's interest in the land at the time the deed was executed, subject to the life estate which had not then terminated.

The fact that the deed purports to have been executed upon a consideration merely nominal, as well as all the other circumstances proved, tend forcibly to repel every imputation of fraud against the parties to it, in its execution by them.

But the court below, at the instance of the plaintiffs in the action, excluded all the testimony tending to show the actual consideration upon which the deed was executed, and decided that the consideration expressed in it, proved that it was voluntary and fraudulent as to the creditors of the grantor, and rendered a judgment vacating and annulling it. This decision was clearly erroneous.

1. The consideration expressed in a deed of conveyance is not always conclusive, even between the parties to the deed, and the real consideration may be proved. (*Gully vs. Grubbs*, 1 *J. J. Marshall*, 389; *Hickman vs. Macurdy*, 7 *Ib.*, 562; *Hanson vs Buckner's devisees*, 4 *Dana*, 255.)

The recital of the consideration of one dollar in a deed is not conclusive evidence, even between the parties themselves, that no other consideration passed. Such a consideration is regarded as merely nominal—not as the actual consideration upon which the deed was executed—which consideration may be established by parol testimony. (*Gully vs. Grubbs*, 1 *J. J. Marshall*, 389; *Hickman vs. Macurdy*, 7 *J. J. Marshall*, 562; *Hanson vs. Buckner's devisees*, 4 *Dana*, 255.)

2. And it is clear that when a deed is attacked as fraudulent, which expresses only a nominal consideration, and the plaintiff has the right to introduce parol testimony to contradict the reci-

And in a case like the present, where the validity of the deed is attempted to be impeached by third persons, for the want of a sufficient consideration to uphold it, and on the ground that it was executed with an intention to defraud creditors; where the plaintiffs have an undoubted right to introduce parol testimony to contradict any recital in the deed, or to prove the actual consideration that passed between the parties, it would be singular if the defendant should be precluded from resorting to the same kind of testimony for the purpose of sustaining the deed.

Such a principle, instead of promoting, would tend to defeat the ends of justice.

We have no doubt that the grantee in the deed had the right to prove the actual consideration upon which it was founded; and we are satisfied by the testimony adduced, that it was executed upon a full and fair consideration, and without any intention to defraud the creditors of the grantor.

Wherefore, the judgment is reversed, and cause remanded with directions to dismiss the plaintiffs' petition.

In the appeal of Green vs. McCampbell, &c., the judgment will also have to be reversed, as the proceedings in that case depend upon those in the foregoing case of Davenport vs. McCampbell, &c.

Wherefore, the judgment in this last mentioned case is also reversed, and cause remanded for further proceedings to enforce the payment of the debt sued for.

LACKEY
vs.
RICHMOND AND
LANCASTER T. P.
R. Co.

tals in the deed, that the defendant may by the same kind of testimony show what was the real consideration.